UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SHAWN HEDRICK AND, <br> SHAWN L. HEDRICK, <br><br> Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-S1, <br><br> Defendants. | § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO. 6:23-cv-00245 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants PHH Mortgage Corporation ("PHH") and U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2006-S1 ("U.S. Bank") (collectively "Defendants") remove this action from the 146th Judicial District of Bell County, Texas to The United States District Court for the Western District of Texas, Waco Division, as follows:

### I. STATE COURT ACTION

1. On February 27, 2023, Plaintiff Shawn Hedrick ("Plaintiff") filed *Plaintiff's Original Petition* to quiet title of the real property commonly known as 1099 W. Hillyard Road, Moody, Texas 76557 ("Complaint"). Plaintiff filed his claim in the 146th Judicial District of Bell County, Texas, in an action styled*: Shawn Hedrick v. PHH Mortgage Corporation, and U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2006-S1* under Cause No. 23DCV337417 (the "State Court Action").

On March 2, 2023, Plaintiffs Shawn Hedrick and Shawn L. Hedrick ("Plaintiffs") filed *Plaintiffs' First Amended Petition* ("Complaint"). In the State Court Action, Plaintiffs allege that Defendants breached the Deed of Trust by failing to allow Plaintiffs to reinstate the loan and/or payoff the loan. (Complaint ¶ 60). Plaintiffs also allege that Defendants violated the Texas Debt Collection Practices Act and seek to set aside the foreclosure sale and cancel the Trustee's Deed. (Complaint ¶ 79-78). Plaintiffs seek monetary relief of over $200,000 but less than $1,000,000.00, accounting, a declaratory judgment, costs and fees and all other relief to which they deem entitled. (Complaint ¶ 96- Prayer for Relief).

2. This removal is timely. Defendants are removing this case within thirty (30) days of being properly served or otherwise appearing in the State Court Action. 28 U.S.C. § 1446(b).

3. Defendants remove the State Court Action to this Court, as the lawsuit is currently pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(c)(1).

## II.     PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court as the lawsuit is currently pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(c)(1).

5. The United State District Court for the Western District of Texas, Waco division has original jurisdiction over this action based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332.

6. Pursuant to 28 U.S.C. § 1446(a) and the Western District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| Exhibit A | Index of matters being filed; |
| Exhibit B | Civil Cover Sheet; |
| Exhibit C | Supplement to Civil Cover Sheet |
| Exhibit D | Docket sheet in State Court Action; |

| | |
|---|---|
| Exhibit E | Plaintiff's Original Petition; |
| Exhibit F | Plaintiffs' First Amended Petition; |
| Exhibit G | Letter requesting Citations; |
| Exhibit H | Citation to PHH; |
| Exhibit I | Citation to US Bank; |
| Exhibit J | Vacation Notice; |
| Exhibit K | Medical Leave Notice; |
| Exhibit L | Certificate of Delivery to US Bank by Certified Mail; |
| Exhibit M | Amended Vacation Notice; |
| Exhibit N | Defendants' Original Answer filed in the State Court Action; |
| Exhibit O | Bell County Appraisal District Property Details; and |
| Exhibit P | List of all counsel of record |

7. In connection with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal with the 146 Judicial District Court of Bell County, Texas, pursuant to 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

8. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendants and this action involves an amount in controversy that exceeds $75,000 exclusive of interest and costs.

**A.   THE PARTIES ARE COMPLETELY DIVERSE**

9. PHH is a corporation. Thus, its citizenship for diversity purposes is determined by the citizenship of the state where it is incorporated and the state where it has its principal place of

business. 28 U.S.C. § 1332(c)(1). PHH is incorporated in and has its principal place of business in New Jersey. Thus, PHH is a citizen of New Jersey for diversity purposes.

10. U.S. Bank is a national banking association organized under federal law with its main office in Cincinnati, Ohio, as designated in its Amended and Restated Articles of Association. The citizenship of U.S. Bank National Association is determined solely by the location of its main office, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Therefore, U.S. Bank is a citizen of Ohio for diversity purposes. 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

11. Plaintiffs are natural persons; therefore, their citizenship for diversity purposes is determined by where they are domiciled, or in other words, where they has a fixed place of residence with the intent to remain indefinitely. *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiffs are domiciled in Bell County, Texas and are therefore citizens of Texas for diversity purposes. *See* Complaint ¶ 1-2.

12. Because Plaintiffs are not citizens of the same state as Defendants, complete diversity exists among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

13. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14. From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000, exclusive of interest and costs. Plaintiffs are seeking to set aside the foreclosure of the Property as well as actual damages, general and special damages, direct and indirect damages, the value of time lost, value of lost equity in the property, out-of-pcket damages, damages for clouding the title, punitive and/or treble damages, attorneys' fees, court costs and prejudgment and post-judgment interest. (Complaint ¶ 98- Prayer for Relief). Plaintiffs allege that they are seeking at least $200,000 in damages.  (Complaint at ¶ 101 and Prayer for Relief).

15. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 Fed. App'x 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity

jurisdiction over appeal of foreclosure-related claims).  Plaintiffs seek a declaratory judgment as to the Defendant's claim to title to the Property.  *See generally* Petition.

16. Based on a review of the Complaint and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiffs seek to set aside Defendant's foreclosure of the Property. *Id.* As a result, the entire value of the Property is squarely at issue.  *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48.  According to the Fort Bend County Appraisal District, the current tax appraised value of the Property is $347,714.[1]  *See* Ex. O.  Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Based on the foregoing, it is apparent from the face of Plaintiffs' Complaint the damages sought by Plaintiffs and potential for an award of attorneys' fees exceeds the $75,000 jurisdictional minimum.

18. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removal is proper.

### IV.   CONCLUSION

Wherefore, Defendants remove this action from the 146th Judicial District of Caldwell County, Texas to the United States District Court for the Western District of Texas, Waco Division so this Court may assume jurisdiction over the cause as provided by law.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Bell County Appraisal District valuation for the Property.

Respectfully submitted,

*/s/ Camille Griffith*
**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
mkhansen@lockelord.com
**Camille Griffith**
Texas Bar No. 24034761
camille.griffith@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

**COUNSEL FOR DEFENDANTS
PHH MORTGAGE CORPORATION, AND
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR STRUCTURED ASSET
SECURITIES CORPORATION MORTGAGE
PASS THROUGH CERTIFICATES, SERIES
2006-S1**

## CERTIFICATE OF SERVICE

I hereby certified that a true and correct copy of the foregoing document was served on this the 3rd day of April 2023, on the following in accordance with the Federal Rules of Civil Procedure.

**Via E-Mail**
J.B. Peacock, Jr.
David M. Vereeke
Gagnon, Peacock & Vereeke, P.C.
1349 Empire Central Drive
Suite 500, Lock Box 5
Dallas, TX 75247
attorneys@gapslaw.com

*Attorneys for Plaintiffs*

*/s/ Camille Griffith*
Counsel for Defendants